SEIBERT *v.* CITY OF EVANSVILLE ET AL.

[No. 12,345. Filed October 6, 1925.]

APPEAL.—*No question presented for consideration on appeal where appellant's brief does not comply with Rule 22 of the Supreme and Appellate Courts.*—No question is presented for consideration on appeal where appellant has not complied with Rule 22 of the Supreme and Appellate Courts in the preparation of his brief.

From Vanderburgh Probate Court; *Elmer Q. Lock-year,* Judge.

Suit by Edwin Seibert against the city of Evansville and others. From a judgment for defendants, the plaintiff appeals. *Affirmed.* By the court in banc.

*Thomas A. McDonald,* for appellant.
*John R. Brill* and *John W. Brady,* for appellees.

PER CURIAM.—The appellant, in his brief filed herein, informs us that "this is an action for an injunction, based upon a verified complaint, filed in the Vanderburgh Probate Court, * * *, asking for an injunction against the defendants enjoining them, and each of them, from enforcing a judgment rendered against him in the City Court of the City of Evansville."

Under a heading—"What the issues are"—he says: "That the judgment is void because * * *," and he proceeds to state five alleged reasons why, as he thinks, *some* judgment is erroneous and void, but whether the said judgment to which he refers is the judgment the enforcement of which he sought to enjoin, or the judgment from which this appeal was prosecuted—if there was any such judgment—is left entirely to conjecture.

Nowhere in his brief is a copy of his said complaint set out; the brief herein fails to inform us as to the nature of the judgment appealed from; we are left to surmise as to whether a demurrer was interposed to his said complaint and the same sustained and judgment rendered against appellant thereon, or, as to whether there was a trial of this cause upon the merits which resulted in a judgment against appellant; he has not informed us as to the specific error or errors of which he complains, and, from said brief, it is impossible to tell whether he is complaining of a ruling upon a demurrer, the admitting or the excluding of evidence, or the overruling of a motion for a new trial; the brief

contains no statement of "Errors Assigned," or of "Errors Relied Upon for Reversal"; no demurrer or motion for a new trial is mentioned in said brief, if any was filed.

Counsel for appellant has utterly ignored Rule 22 of the Supreme Court, and of this court, in the preparation of said brief, and said brief is so prepared that no question is presented for our consideration and the cause must therefore be affirmed.